UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LUIS MEDINA MENDEZ,

Petitioner,

v.

Case No. 2:26-cv-2741-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

______________________________/

**ORDER**

Petitioner Jose Luis Medina Mendez was provided with a bond hearing under 8 U.S.C. § 1226(a) on August 19, 2026. (Doc. 1-1.)[1] The Court denied a previous petition challenging the bond hearing. *See* case no. 2:26-cv-2461-KCD-NPM. Mendez is back, arguing that the bond proceeding was constitutionally deficient because the immigration judge did not consider an "asylum packet" submitted by his attorney that could have changed the outcome. (Doc. 1.) He asks the Court to order a new hearing. (Doc. 1 at 3.) The Government opposes the petition. (Doc. 4.) Mendez filed a reply. (Doc. 6.)

Here is the unavoidable problem: this is not an immigration court of appeals. Congress could not have been clearer when it wrote 8 U.S.C. §

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1226(e), explicitly stripping federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). This provision closes the door on judicial review of the executive branch's discretionary detention choices. *Id.* at 295. While federal courts may retain a narrow window to address colorable constitutional claims, a litigant cannot bypass that boundary simply by slapping a constitutional label on what is a factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Mendez's petition is an invitation for this Court to reweigh the facts from the bond hearings and reach a different result. The bond hearing transcript shows that the immigration judge considered the asylum packet submitted by Mendez's attorney. (*See* Doc. 4-1 at 6, 8, 12.) His dissatisfaction with his counsel's argument is not a ground for habeas relief. This Court cannot substitute its own assessment of the information presented to the immigration judge. Our job is to ensure that Mendez received the required statutory process, not to guarantee him a winning outcome. Because he received that process, his remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not a motion to enforce here. *See, e.g.,*

*Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

Mendez seems to suggest that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Mendez's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Mendez "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

Because Mendez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on October 20, 2026.

Kyle C. Dudek
United States District Judge